FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

    No. 25-5139

JAMES DERNEST MIMS, JR.,

    Defendant - Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:24-CR-00334-JDR-1)**

_____

Jared T. Guemmer, Assistant Federal Public Defender (Julia L. O'Connell, Federal Public Defender, and Katherine Ann Greubel, Assistant Federal Public Defender, with him on the brief), Office of the Federal Public Defender, Northern District of Oklahoma, Tulsa, Oklahoma, for Defendant-Appellant.

Leena Alam, Assistant United States Attorney (Clinton J. Johnson, United States Attorney, Northern District of Oklahoma, with her on the brief), Office of the United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

James Mims was charged with breaking and entering a pickup truck.  During the burglary he stole a pistol that was in the truck.  He pled guilty, and at sentencing, the district court enhanced Mims's sentence because he "possessed [the] firearm or ammunition in connection with another felony offense," *i.e.*, in connection with the burglary, applying U.S. Sentencing Guideline, § 2K2.1(b)(7)(B).[1]  Mims appeals his sentence, contending that the district court erred in applying the enhancement because he did not commit "another felony offense" once he gained possession.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we **AFFIRM**.  A firearm obtained through a felony is possessed "in connection with another felony offense" when it facilitates or has the potential to facilitate that same felony.  Mims's burglarized firearm fits that criterion: it bore the potential to facilitate Mims's completion of and escape from the charged burglary.

## I.    Background

In September 2024, Mims broke into a truck and stole $350, a Dewalt tool bag and drill, and a 9mm Kimber Model R7 Mako pistol.  After a traffic stop the next day, officers searched Mims's car and found various contraband items in his vehicle, including the stolen pistol and a .40-caliber Smith & Wesson pistol that was previously reported stolen.

---

[1] This opinion refers to the contested provision by its current numbering. Below, the parties and court referred to the provision by its numbering prior to the November 2025 amendments—§ 2K2.1(b)(6)(B).

Upon discovering that Mims had several prior felony convictions, the government charged him for unlawfully possessing the firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and for possessing the stolen Kimber in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). He was also separately charged by Oklahoma with third-degree burglary for breaking and entering the truck. Oklahoma later dismissed the burglary charge. At sentencing for the firearms offenses, the Presentence Investigation Report applied two enhancements to Mims's Guidelines sentence, and the district court adopted both. The first increased Mims's base level offense by two for possessing two stolen firearms. U.S.S.G. § 2K2.1(b)(4)(A). The second increased Mims's base level by four for "us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense." *Id.* § 2K2.1(b)(7)(B).[2] The other felony offense was the burglary of the truck.

---

[2] The Application Notes provide guidance on applying this enhancement:

**(A) In General.**—Subsections (b)(7)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively. . . .

**(B) Application When Other Offense is Burglary or Drug Offense.**—Subsections (b)(7)(B) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary; and . . . . In these cases, application of subsections (b)(7)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.

Mims objected to the second enhancement, arguing that it did not apply to a firearm obtained through a single felony like the charged burglary (1) without its use or possession in connection with *additional* felonious conduct, (2) unless the single felony was "generic burglary," a crime that Mims did not commit. Put differently, Mims argued that the enhancement bore a multi-felony requirement unless the "burglary exception" in the Application Notes applied. And that exception applied only when a defendant came to possess a firearm through a burglary that satisfied the generic definition of burglary, which does not cover breaking and entering vehicles. *See United States v. Mathis*, 579 U.S. 500, 507 (2016). Because Mims stole the firearm while allegedly committing third-degree burglary of a truck, he contended that neither the general multi-felony rule nor the burglary exception permitted application of the enhancement.

---

**(C) Definitions.**—
"Another felony offense", for purposes of subsection (b)(7)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.
. . . .
**(D) Relationship Between the Instant Offense and the Other Offense.**—In determining whether subsections (b)(7)(B) and (c)(1) apply, the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles. See § 1B1.3(a)(1)-(4) and accompanying commentary.
. . . .
U.S.S.G. § 2K2.1 cmt. n.13. Note 13 continues on, providing sample applications of the (b)(7)(B) enhancement.

The district court rejected Mims's objection.  It applied both enhancements, producing a Guidelines sentence range of 46 to 57 months' imprisonment.  The court sentenced Mims to 46 months.[3]

## II.    Discussion

Mims contends that the district court erred in applying the § 2K2.1(b)(7)(B) enhancement to his sentence.  But examining the text and history of the enhancement provision, we see no error.

### A.    Legal Framework

"A challenge to the application of a sentencing enhancement tests the 'procedural reasonableness' of a sentence, 'which requires, among other things, a properly calculated Guidelines range.'"  *United States v. Zamora*, 97 F.4th 1202, 1207 (10th Cir. 2024) (quoting *United States v. Mollner*, 643 F.3d 713, 714 (10th Cir. 2011)).  We review legal questions underlying the applicability of the Sentencing Guidelines de novo.  *Id.* at 1207–08.  The government bears the burden "to prove the applicability of a sentencing enhancement by a preponderance of the evidence."  *Id.* at 1207 (citing *United States v. Conley*, 131 F.3d 1387, 1389 (10th Cir. 1997)).

The Sentencing Guidelines provide a sentencing enhancement for unlawful firearm possession when a defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(7)(B).  The Guidelines Application Notes define "[a]nother felony offense" as "any federal, state,

---

[3] Without this enhancement, Mims contends that his appropriately calculated sentencing range is 30 to 37 months.

or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1 cmt. n.13(C).

To determine whether the offender used or possessed the firearm "in connection with" another felony offense, the Notes instruct courts to consider whether the firearm "facilitated, or had the potential of facilitating, another felony offense" separate from the felony possession. *Id.* § 2K2.1 cmt. n.13(A). The Notes explain that the enhancement applies when a defendant possesses a gun in the course of a burglary:

> Subsection[] (b)(7)(B) . . . appl[ies] (i) in a case in which a defendant who, during the course of a burglary, *finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary* . . . . In these cases, application of subsection[] (b)(7)(B) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . .

*Id.* § 2K2.1 cmt. n.13(B) (emphasis added).

The Sentencing Commission amended the Guidelines in 2006 to include these Application Notes to address a circuit split about whether the § 2K2.1(b)(7)(B) enhancement applied to firearms obtained through burglary. U.S.S.G. app. C amend. 691 (2006) ("[T]he amendment addresses a circuit conflict pertaining to the application of current [§ 2K2.1(b)(7)], specifically with respect to the use of a firearm 'in connection with' burglary and drug offenses."). The clarification came as

6

a result of some circuits refusing to apply the enhancement for possession arising from the same conduct through which the defendant obtained the gun, the same conduct at issue here. *See United States v. Brake*, 904 F.3d 97, 100–01 (1st Cir. 2018) (first citing *United States v. Fenton*, 309 F.3d 825, 827–28 (3d Cir. 2002); then citing *United States v. Szakacs*, 212 F.3d 344, 348–52 (7th Cir. 2000); and then citing *United States v. Sanders*, 162 F.3d 396, 399–402 (6th Cir. 1998)). These circuits permitted application of the enhancement only when a second felony offense was separated by time or conduct from the felony through which the gun was obtained. *Id.*

But other circuits disagreed, permitting application without a separate felony. *Id.* at 100 (first citing *United States v. Schaal*, 340 F.3d 196, 199 (4th Cir. 2003); then citing *United States v. Kenney*, 283 F.3d 934, 936–39 (8th Cir. 2002); and then citing *United States v. Luna*, 165 F.3d 316, 322–24 (5th Cir. 1999)). The Commission responded to the confusion. It set out a general rule: the enhancement for possession in connection with a felony "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.13(A). And it applied that enhancement to burglary—"because the presence of the firearm has the potential of facilitating another felony offense"—*i.e.*, that burglary. *Id.* § 2K2.1 cmt. n.13(B).

The 2006 Amendment also addressed the relevant scope of conduct that courts should examine when determining whether the firearm facilitated or had potential to facilitate another felony offense. It instructed courts to consider the relationship

7

between the unlawful firearm possession and the other felony "consistent with relevant conduct principles." *Id.* § 2K2.1 cmt. n.13D (citing § 1B1.3(a)(1)–(4)). "[T]he threshold question for the court" is whether the unlawful possession offense and the felony were "part of the same course of conduct or common scheme or plan." *Id.* § 2K2.1 cmt. n.13(D)(ii) (quoting § 1B1.3(a)(2)). And the Guidelines' conduct principles explain that "relevant conduct" includes "[a]ll acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . all harm that was the object of such acts and omissions." *Id.* §§ 1B1.3(a)(1), (3).

### B.    Analysis

Mims argues that the enhancement is inappropriate because (1) it requires that his stolen firearm be used in connection with a *separate* offense unless he committed generic burglary (which he says he did not commit), and (2) he did not possess the firearm *in connection with* the burglary because that offense was completed upon entry of the vehicle.

We disagree. Mims possessed the gun "in connection" with another felony offense for purposes of Guideline 2K2.1(b)(7)(B).

First, Mims's burglary fits comfortably under the Guidelines definition for "another felony offense." Mims was charged with Oklahoma third-degree burglary, a crime punishable by imprisonment of up to five years. Okla. Stat. tit. 21, §§ 20N(B), 1435. The charged burglary qualifies because it is a "federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether

8

a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1 cmt. n.13(C).[4]

Second, Mims possessed the stolen firearm "in connection with" that felony offense.  The Commission amended the Application Notes precisely to address scenarios like Mims's.  The enhancement for possession "in connection with another felony" is applicable whenever the firearm "facilitated, or had the potential of facilitating, another felony offense."  *Id.* § 2K2.1 cmt. n.13(A).  And a firearm obtained through a felony offense, like burglary, can facilitate that offense by enabling completion or escape.  *See id.* § 2K2.1 cmt. n.13(B) (recognizing that the enhancement for burglarized firearms "is warranted because the presence of the firearm has the potential of facilitating [that] felony offense").  So the enhancement applies to Mims's stolen firearm.

The Amendment history of the enhancement bolsters this application.  The Commission amended the Notes to settle a circuit split about whether the enhancement applied to firearms obtained through burglary that were not used or possessed in connection with an *additional* felony.  The Commission responded that it did apply.  And, the Commission clarified that the enhancement applied broadly to the use or possession of firearms that had potential to facilitate any felony separate from, but connected to, the felony possession.  U.S.S.G. app. C amend. 691 (2006).

---

[4] Mims did not contend that his charge was insufficient to meet the Guidelines definition of "another felony offense."  In fact, for purposes of this appeal, he treated his then-pending burglary charge as "proven rather than merely alleged."  Aplt. Br. at 16 n.3.

Precedent also supports applying the enhancement. In *United States v. Marrufo*, we affirmed the enhancement's application when the defendant's felony possession facilitated his state felony of tampering with evidence by hiding that same firearm. 661 F.3d 1204, 1205 (10th Cir. 2011). We rejected the argument that the enhancement applied only if the firearm was used to facilitate a "separate, active offense." *Id.* at 1208. Because Marrufo's possession of the firearm facilitated the state felony of tampering, it did not matter that the firearm was the *object* of the felony tampering. So too here. Mims's possession of the firearm had the potential to facilitate his burglary, even though it was an object of that felony.

Mims urges that *Marrufo* nonetheless supports his argument because the case interprets the enhancement's facilitation requirement to mean that the firearm possession "make[s] easier" the connected felony. *Id.* at 1207. And because Mims acquired the firearm through burglary, he contends that the firearm did not make his burglary easier. But even accepting that *Marrufo*'s interpretation of "facilitate" constrains the enhancement's applicability, Mims fails to show error. Upon burglarizing the truck, he came to possess the firearm. And that firearm had potential to make commission of his burglary "easier" by preventing intervention and facilitating escape. *See United States v. Sanchez*, 22 F.4th 940, 941–42 (10th Cir. 2022) (applying enhancement because possession of firearm in stolen vehicle "had the potential to facilitate his possession of the stolen vehicle" by its potential use in intimidating anyone who might seek to interfere with continued possession of the stolen vehicle); *cf. United States v. Brooks*, 112 F.4th 937, 950 (11th Cir. 2024)

10

("When considering a firearm's *potential* use, there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened." (citation modified)).

We are not alone in concluding that the enhancement appropriately applies to a firearm obtained as the object of a felony—so long as the firearm facilitates, or has potential to facilitate, that felony. *See, e.g.*, *Brooks*, 112 F.4th at 950 (affirming the enhancement for possession of a firearm obtained through felony of theft by receiving); *United States v. Canamore*, 916 F.3d 718, 721 (8th Cir. 2019) (same).

Mims's remaining counterarguments also are unpersuasive.

First, he contends that the enhancement does not apply to firearms obtained through a single felony without further felonious conduct unless that single felony fits in the generic burglary "exception" (and his does not). Mims recognizes that the enhancement applies to firearms possessed through "a burglary . . . even if the defendant did not engage in any other conduct with that firearm." U.S.S.G. § 2K2.1 cmt. n.13(B). But Mims urges that this provision is an *exception* to the enhancement's rule requiring further felonious conduct, and that the exception does not apply to him. Because the Notes do not define "a burglary" for purposes of this exception to the general multi-felony requirement, Mims contends that we must look to the generic definition of burglary. And because the categorical approach excludes Oklahoma third-degree burglary from the generic definition of burglary, Mims urges that he does not fall under the single-felony burglary exception. *See Mathis*, 579

11

U.S. at 507 (concluding that Iowa's burglary statute covers more than generic burglary in part because it includes unlawful entry into a "vehicle").

But the Guidelines did not create a burglary exception to a general rule requiring further felonious conduct. As we explained above, they did not create a general requirement for further felonious conduct at all. Instead, they set out a different general principle: the enhancement "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.13(A). And that principle applies to a firearm possessed through a burglary so long as the firearm facilitates, or has potential to facilitate, that burglary. The Application Notes make the general principle clear by explaining that the enhancement's application to firearms obtained during a burglary "is warranted" without any other felonious conduct "because the presence of the firearm has the potential of facilitating another felony offense"—the burglary. *Id.* § 2K2.1 cmt. n.13(B). The structure of and explanation in the Notes shows that the Guidelines created no burglary exception—only a general rule. They state a general facilitation requirement in Note 13(A) and explain why it applies to burglary in Note 13(B). Mims's charged Oklahoma felony falls under that general rule in Note 13(A). It does not matter much whether Note 13(B) refers to generic burglary and whether Mims's third-degree burglary qualifies as such—Note 13(B) simply provides an example application of the rule that governs here.

Finally, Mims argues that he did not possess the firearm in connection with the burglary because he completed that felony *prior* to possessing the firearm, upon

12

entering the vehicle. But the Guidelines do not make that distinction. Instead, they direct us to examine the relationship between Mims's firearm possession and burglary using "relevant conduct principles." *Id.* § 2K2.1 cmt. n.13(D) (citing § 1B1.3(a)(1)–(4)). And the Guidelines' conduct principles explain that "relevant conduct" includes "[a]ll acts and omissions committed . . . ; and . . . all harm that was the object of such acts and omissions." *Id.* §§ 1B1.3(a)(1), (3). Mims's theft of the firearm from the truck is a harm that was an object of the burglary. So his possession of the firearm falls within the relevant scope of conduct connected to the burglary. It does not matter that Mims "committed" his burglary, as a matter of Oklahoma law, mere seconds prior to stealing the firearm, because he stole it within the same course of conduct. *See Brooks*, 112 F.4th at 951 (upholding the enhancement for a firearm obtained through theft-by-receiving because the defendant could have used the firearm he acquired through that theft "if he encountered the police or the firearm's rightful owner"); *United States v. McCowan*, No. 21-8035, 2022 WL 572475, at *4 (10th Cir. Feb. 25, 2022) (upholding the enhancement against a similar challenge that a defendant possessed the firearm only *after* commission of a felony drug offense because the defendant participated in the drug offense and obtained the gun from a participant in the immediate aftermath). The enhancement is appropriate here even though the gun is a fruit of the burglary because "it makes little difference how [a] burglar[] obtained their firearms." *Brooks*, 112 F.4th at 950 (quoting *United States v. Young*, 115 F.3d 848, 837 (11th Cir. 1997) (per curiam)).

In sum, the stolen firearm could have helped Mims escape the scene of the burglary if he encountered resistance. And such facilitation warrants application of the enhancement. Because Mims possessed the firearm "in connection with" his charged felony burglary, the district court appropriately applied 2K2.1(b)(7)(B)'s sentencing enhancement.

## III. Conclusion

For the foregoing reasons, we affirm Mims's sentence.

14